UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
TIMOTHY HERNANDEZ, on behalf of himself
and all others similarly situated,

                    Plaintiff,

        -v-

THUY DIEP, LLC.,

                    Defendant.
-----------------------------------------------------------X

Case No. 1:24-cv-5353-JRC

**MEMORANDUM OF LAW
IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS**

Defendant Thuy Diep LLC (d/b/a "Little Moony") moves pursuant to Fed. R. Civ. P. 12(b)(1) to dismiss Plaintiff Timothy Hernandez's complaint, asserting claims under the federal Americans with Disabilities Act ("ADA") and the New York City Human Rights Law ("NYCHRL"), for lack of Article III standing to seek either injunctive relief or damages.

## FACTUAL BACKGROUND

This lawsuit is one of more than 500 cookie-cutter class actions filed by Plaintiff's counsel against New York City small businesses since mid-2023 alleging that the defendants' websites discriminate against visually impaired persons. *See Wahab v. White Boots, Inc.*, No. 23 Civ. 9018 (JHR) (GS), 2024 U.S. Dist. LEXIS 146892, at *19-21 (S.D.N.Y. Aug. 16, 2024) (identifying 289 lawsuits and 243 complaints filed in the Southern and Eastern Districts of New York, respectively, between June 1, 2023 and July 31, 2024). Plaintiff Hernandez serves as the named plaintiff in 15 such suits, including this one, filed against owners of retail stores with websites since May 2024. Each suit alleges that Mr. Hernandez was impeded in his effort to buy a store product online.[1]

---

[1] *See* E.D.N.Y. Docket Nos.: 24-cv-3563 (handbag); 24-cv-3564 (handbag); 24-cv-3565 (handbag); 24-cv-3567 (hat); 24-cv-3568 (denim pants); 24-cv-3569 (bed sheets); 24-cv-5352 (pajamas); 24-cv-5354 (pajamas); 24-cv-5866 (baby car seat); 24-cv-6105 (reclining chair); 24-cv-6106 (furniture set); 24-cv-6108 (rug); 24-cv-6923 (rug); 24-cv-6924 (rug).

Each complaint reviewed by the *Wahab* court used "the same generic language" at paragraphs 43-44 to allege that the targeted websites contained the same seven barriers impeding visually impaired persons' online access. *Id*. at *19-20. Specifically, each website allegedly had:

> 43. … missing alt-text, hidden elements on web pages, incorrectly formatted lists, unannounced pop ups, unclear labels for interactive elements, and the requirement that some events be performed solely with a mouse.
>
> 44. The website also contained a host of broken links, which is a hyperlink to a non-existent or empty webpage. …"

*Id*. at *16-17.

Plaintiff Hernandez uses the identical language to claim he experienced the same alleged seven barriers when he visited Little Moony's website. *See* ECF 1 at 11, ¶¶ 44 and 45.

Plaintiff alleges he "visited the Website multiple times, most recently on June 12, 2024," using screen-reading software for the visibly impaired, to buy baby clothes. *Id*. at 10, ¶¶ 39-42. Despite being able to use the Website sufficiently to choose a specific product—the "Casita Collection: Laura 2-piece Lounge Set Lavender Florals"—Plaintiff alleges in conclusory fashion that he "was denied a shopping experience similar to that of a sighted individual" due to the alleged seven barriers. *Id*. at 10-11, ¶¶ 43-46. Plaintiff provides no specific details describing how any of the claimed barriers prevented or impeded him from buying the baby clothes he had selected. Plaintiff also fails to allege any facts plausibly supporting the truth of his conclusory assertion that he intended to buy the baby clothes. He fails to allege, for example, that he called Little Moony's store to place the order after experiencing the alleged online barriers.

Plaintiff further alleges in conclusory fashion that he "intends to visit the Website in the near future if it is made accessible." *Id*. at 11, ¶ 47. He provides no elaboration at all, such as facts detailing his plans to revisit the Website or to buy Defendant's baby clothes online. The Complaint is devoid of any specific facts permitting a reasonable inference of the truth of either assertion.

Plaintiff likewise does not allege that he lost money or suffered any other concrete harm resulting from his allegedly impeded access to Little Moony's website. He does not allege, for example, that he was forced to buy more expensive or lesser quality alternative goods elsewhere.

Based on these bare allegations, Plaintiff sues for an affirmative injunction requiring Little Moony to hire "a qualified consultant acceptable to Plaintiff" to implement costly website modifications and to regularly monitor the Website's compliance with "WCAG 2.1 guidelines," *id*. at 13, ¶ 55, which are voluntarily "followed by most large business entities and government agencies" to enhance website access, *id*. a7, ¶ 34, but are not legally mandated by any federal, state or City statute or rule—certainly not for small business websites like Little Moony's.

## ARGUMENT

Plaintiff's effort to mandate small business compliance with WCAG 2.1 guidelines fails as a matter of law because Plaintiff lacks standing. His boilerplate allegations fail to plead injury or loss causation with the specificity required to confer standing in this Circuit.

### I. Plaintiff Lacks Standing to Seek Injunctive Relief Under the ADA because Plaintiff Does Not or Plausibly Plead Past Injury or a Threat of Future Harm

"'[T]o establish standing, a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief.'" *Calcano v. Swarovski N. Am. Ltd.*, 36 F.4th 68, 74 (2d Cir. 2022) (quoting *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423, 141 S. Ct. 2190, 2203 (2021)). "A plaintiff pursuing injunctive relief may not rely solely on past injury, but also must establish that 'she is likely to be harmed again in the future in a similar way.'" *Id*. (quoting *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 239 (2d Cir. 2016)). "Such 'threatened injury must be *certainly impending* to constitute injury in fact, and . . . allegations of *possible* future injury are not sufficient.'" *Id*. (quoting *Am. Civ. Liberties Union v.*

3

*Clapper*, 785 F.3d 787, 800 (2d Cir. 2015) (cleaned up) (emphasis in *Calcano*)).

"In the ADA context, … a plaintiff seeking injunctive relief has suffered an injury in fact when: (1) the plaintiff alleged past injury under the ADA; (2) it was reasonable to infer that the discriminatory treatment would continue; and (3) it was reasonable to infer, based on the past frequency of plaintiff's visits … that plaintiff intended to return to the subject location." *Id*. (citation omitted) (cleaned up). "In particular, the focus of the third factor—*i.e.*, intent to return based on past visits and proximity—is to ensure that 'the risk of harm is sufficiently imminent and substantial' to establish standing." *Id*. at 74-75 (citation omitted).

Thus, the central inquiry "is not whether a complaint pleads the magic words that a plaintiff 'intends to return,' but if, 'examined under the totality of all relevant facts,' the plaintiff plausibly alleges 'a real and immediate threat of future injury.'" *Id*. at 75 (citation omitted) (cleaned up). The plaintiff "bears the burden of alleging facts that affirmatively and plausibly suggest that [the plaintiff] has standing to sue." *Id*. at 75 (citations omitted). Courts should not credit a "naked assertion devoid of further factual enhancement," and, instead, "must refer to a complaint's factual context to discern whether to accept a complaint's conclusory statements." *Id*. (citations omitted).

Plaintiff Hernandez's complaint fails these minimum pleading requirements as to either the past harm or threatened future harm elements of his ADA claim.

First, Plaintiff has not alleged a particularized past injury. The complaint merely recites generic allegations of inaccessible website features and does not identify which specific barriers impacted his ability to navigate the website or complete a purchase. Without details about which pages had missing alt-text or broken links or a description of how these alleged barriers impacted his ability to make a purchase, Plaintiff's claim is no more than a generalized grievance, insufficient to demonstrate an injury in fact. Plaintiff acknowledges that he was able to navigate

4

the website sufficiently to identify a desired product but fails to explain why he did not complete the purchase. The fact that Plaintiff was able to select a specific product, the Casita Collection: Laura 2-piece Lounge Set Lavender Florals, evidences that the alleged barriers did not prevent him from effectively navigating the website and begs for an explanation as to why and how those barriers nevertheless prevented him from completing his purchase. Mr. Hernandez's failure to provide details plausibly showing that the alleged barriers were material enough to impede his purchase makes his past injury allegations deficient. *See Wahab*, 2024 U.S. Dist. LEXIS 146892, at *25 (standing not pled where "Plaintiff provides no allegations specifying the points at which any of the seven access barriers arose while []he was navigating the Website or how they prevented h[im] from purchasing the particular [clothes] []he desired"); *Rizzi v. Hilton Domestic Operating Co.*, No. 18-CV-11275(SJF)(ARL), 2020 U.S. Dist. LEXIS 197728, *7 (S.D.N.Y Oct. 23, 2020) (past injury not pled where plaintiff did "not specify which of the alleged programming errors in the websites he personally encountered nor provide an explanation of how any of those alleged programming errors posed an obstacle to his access to the websites").

Second, as to future harm, Plaintiff makes only a single conclusory statement that he "intends to visit the Website in the near future if it is made accessible." ECF 1 at 11, ¶ 47. That speculative and threadbare assertion lacks any factual support, such as a recurring need for Defendant's products, and is precisely the type of "naked assertion devoid of further factual enhancement" that the Second Circuit held was insufficient to plead future harm. *Calcano*, 36 F.4th at 75. In *Calcano*, the plaintiffs' assertions that they lived close to the defendants' businesses, were "customer[s] at Defendant's [location] on prior occasions," and "intend[ed] to immediately purchase at least one store gift card from the Defendant as soon as the Defendant sells store gift cards that are accessible to the blind," were too "threadbare … [and] conclusory" to "raise a

reasonable inference of injury," and were too "vague [and] lacking in support" to "plausibly establish that Plaintiffs intended to return to the subject location." *Id*. at 76. Such "naked assertions" and mere "profession of an intent to return" without any factual support were "not enough to establish standing for prospective relief." *Id*. at 77-78 (citations omitted) (cleaned up).

Plaintiff Hernandez's similarly naked profession of his intent to return does not suffice. Plaintiff alleges visited the Website multiple times but fails to provide any details about when these visits occurred, for what purpose, or which specific barriers he encountered (if any) on each occasion. Without such specifics, Plaintiff's allegations are too vague and unsubstantiated to establish imminent future injury. *See, e.g.*, *Thorne v. Cap. Music Gear LLC*, No. 23 Civ. 776 (LGS), 2024 U.S. Dist. LEXIS 67366, at *12-14 (S.D.N.Y. Apr. 12, 2024) (standing not pleaded where plaintiff (i) alleged he visited website several times without detailing the number and timing of those visits; (ii) failed "to include any explanation or detail about why" the defendant's products or website particularly appealed to him; and (iii) conclusorily alleged an intent to immediately return to buy a product once the website was ADA compliant "without additional explanation"); *Feliz v. IHealth Labs Inc.*, No. 23-cv-00354 (JLR), 2024 U.S. Dist. LEXIS 16296, at *7-10 (S.D.N.Y. Jan. 30, 2024) (no standing where plaintiff (i) made "conclusory, boilerplate allegations" that she "still wants to purchase COVID-19 tests through the Website" and intended to return to complete her purchases "as soon as the Access Barriers are cured," (ii) "alleged no facts as to her interest in COVID-19 tests generally that would allow the Court reasonably to infer that the inaccessibility of Defendant's website caused her concrete harm"; and (iii) did not allege that the defendant "is the only retailer that sells trustworthy COVID-19 tests" or was "unable to find them elsewhere at a comparable price point") (citations omitted) (cleaned up).

Plaintiff's conclusory allegations of past and future harm are especially insufficient given "the broader context of Plaintiff['s] transparent cut-and-paste and fill-in-the-blank pleadings."

6

*Calcano*, 36 F.4th at 7 (four Plaintiffs filed 81 of over 200 essentially carbon-copy complaints over three months using identical language and same conclusory allegations); *Wahab*, 2024 U.S. Dist. LEXIS 146892, at *26-27 & n.7 (cookie cutter complaints with boilerplate allegations that fail to explain how alleged access barriers impeded website purchases cannot be credited); *Zinnamon v. Satya Jewelry II LLC*, No. 23-CV-781 (VEC), 2023 U.S. Dist. LEXIS 74479, at *6 (S.D.N.Y. Apr. 28, 2023) ("Stein Saks had been told no fewer than four times before Mr. Rozenberg filed the instant complaint that his cookie-cutter approach to alleging standing was inadequate.").

Plaintiff's claim seeking injunctive relief under the ADA should be dismissed.

## II. Plaintiff Lacks Standing to Recover Damages Under the NYCHRL because He Does Not Plead any Actual Loss or Harm beyond the Alleged ADA Violation

A plaintiff must "demonstrate standing separately for each form of relief sought." *TransUnion*, 594 U.S. at 436, 141 S. Ct. at 2210. Even assuming Plaintiff Hernandez had standing to seek injunctive relief, it would not necessarily mean he also has standing to seek retrospective damages. *See id*. (citations omitted). A plaintiff suing for damages "cannot establish Article III standing by relying entirely on a statutory violation or risk of future harm." *Maddox v. Bank of New York Mellon Tr. Co., N.A.*, 19 F.4th 58, 64 (2d Cir. 2021). To sue for damages, a plaintiff must prove an "injury in fact," which requires non-conclusory allegations that "show the invasion of a [1] legally protected interest that is [2] concrete and [3] particularized and [4] actual or imminent, not conjectural or hypothetical." *Id*. at 62 (citation and internal quotation marks omitted). "No concrete harm, no standing." *TransUnion*, 594 U.S. at 441, 141 S. Ct. at 2214.

To plead concrete harm, Plaintiff must allege that he suffered monetary loss, reputational injury, emotional distress, or another "harm traditionally recognized as providing a basis for a lawsuit in American courts." *Maddox*, 19 F.4th at 63 (quoting *TransUnion*, 594 U.S. at 424, 141 S. Ct. at 2204 (quoting *Spokeo, Inc. v. Robins*, 578 U. S. 330, 341 (2016))) (cleaned up).

Plaintiff's allegations that Little Moony's website violates the ADA are insufficient to establish concrete harm because a statutory violation alone is "an injury in law" and "not an injury in fact." *Id*. (quoting *TransUnion*, 594 U.S. at 424, 141 S. Ct. at 2205) (internal quotation marks omitted). "Article III standing requires a concrete injury even in the context of a statutory violation." *Spokeo*, 578 U.S. at 341. A plaintiff does not "automatically satisf[y] the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Id*. "Congress's creation of a statutory prohibition or obligation and a cause of action does not relieve courts of their responsibility to independently decide whether a plaintiff has suffered a concrete harm under Article III." *TransUnion*, 594 U.S. at 426, 141 S. Ct. at 2205. "For standing purposes, therefore, an important difference exists between (i) a plaintiff's statutory cause of action to sue a defendant over the defendant's violation of federal law, and (ii) a plaintiff's suffering concrete harm because of the defendant's violation of federal law." *Id*. at 426-27, 141 S. Ct. at 2205.

In *TransUnion*, the defendant's failure to comply with requirements of the Fair Credit Reporting Act regarding the plaintiffs' credit reports did not cause an Article III injury where the credit reports were not disseminated to the plaintiffs' potential creditors. *Id*. at 433-35, 141 S. Ct. at 2209-10. In *Maddox*, a bank's failure to timely record the plaintiffs' mortgage satisfaction did not entitle the plaintiffs to sue in federal court under a state statute granting them the right seek a $1500 penalty. Because the plaintiffs suffered no genuine concrete loss or harm caused by the bank's failure, their right to a penalty alone did not satisfy Article III. *Maddox*, 19 F.4th at 64-66.

Here, Plaintiff Hernandez alleges no injury in fact at all. He claims a NYCHRL violation, but he does not allege that he lost money, suffered reputational harm, mental distress, or any other traditionally recognized concrete injury. Nor could he, since he did not buy the product, pay more

8

for it elsewhere, or buy a lesser quality or more expensive alternative product. His claimed inability to buy the desired baby clothes is not concrete harm causing damages because he was not deprived of the money he would have had to pay for the item, and he easily could have bought the clothes if truly wanted to buy them by calling Little Moony and placing an order.

The fact that the NYCHRL provides for a penalty in lieu of actual damages, *see N.Y.C. Admin. Code* §§ 8-120(8), 8-126(a), does not confer Article III standing on Hernandez. Neither the legislated ability to recover statutory damages, *see Spokeo*, 578 U.S. at 335, or penalties, *Maddox*, 19 F.4th at 66, entitles a plaintiff who has suffered no concrete harm to sue in federal court. *See also Tschoe v. Monarch Recovery Mgmt., Inc.*, Nos. 20 Civ. 7331, 7893 (PGG), 2024 U.S. Dist. LEXIS 52752, at *25 (S.D.N.Y. Mar. 22, 2024) (plaintiff suing for actual and statutory damages under Fair Debt Collection Practices Act lacked standing where her "Complaint pleads no facts stating or suggesting that Tschoe suffered any sort of concrete harm or injury").

Plaintiff's NYCHRL claim should accordingly be dismissed for lack of Article III standing. The Court should also decline to exercise supplemental jurisdiction over the NYCHRL claim. *See*, *e.g.*, *Feliz,* 2024 U.S. Dist. LEXIS 16296, at *14.

## CONCLUSION

For the forgoing reasons, Defendant's motion to dismiss should be granted.

Dated: October 22, 2024                    Respectfully submitted,

                                             *s/ Alexander H. Schmidt*
                                           Alexander H. Schmidt (AS 8304)
                                           5 Professional Circle, Suite 204
                                           Colts Neck, NJ 07722
                                           Phone: (732) 226-0004
                                           alex@alexschmidt.law

                                           Attorney for Defendant

9