

YAAKOV SAKS▲*
JUDAH STEIN▲
ELIYAHU BABAD▲▪
MARK ROZENBERG ▪
RAMI M. SALIM▲▪

▲ NJ & NY Bar Admissions
^ CT & NJ Bar Admissions
▪ NJ Bar Admission
*Federal Court Bar Admissions
AR, CT, CO, DC, IL, MI, MO, ND, NE, NM, TN, TX, WI
One University Plaza, Suite 620, Hackensack, NJ 07601 | tel: 201.282.6500
fax: 201.282.6501 | www.steinsakslegal.com

October 31, 2024

**Via CM/ECF**
The Honorable Hector Gonzalez
United States District Court
Eastern District of New York

    Re:    **Hernandez v. Thuy Diep, LLC**
            **Case #: 1:24-cv-05353-HG**

Dear Judge Gonzalez:

      Pursuant to the Scheduling Order entered on October 23, 2024, Plaintiff Timothy Hernandez ("Plaintiff") and Defendant Thuy Diep, LLC ("Defendant") (collectively "the Parties") respectfully submit the within joint letter.

**(a)**    **A brief description of the case, including the factual and legal bases for the claim(s) and defense(s).**

**Plaintiff:**    Plaintiff brings this class-action civil rights action claim pursuant to Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 1281 *et seq.* Plaintiff brings additional claims against Defendant for alleged violations of N.Y.C. Admin Code § 8-101 *et seq.* ("NYCHRL"). Plaintiff is a blind, visually-impaired and handicapped person and a member of a protected class of individuals under the ADA and NYCHRL. Defendant is and was at relevant times a corporation doing business in NY and Defendant's website is a public accommodation within the definition set forth in Title III of the ADA. Defendant offers the commercial website www.littlemoony.com to the public. The website offers features including, but not limited to, goods and services for purchase. It is Defendant's policies and procedures to not offer Plaintiff and all other blind and visually impaired users access to its website in its failure to remove access barriers to its website which disabled consumers could access with the use of special software programs designed for visually-impaired persons to view and access public websites. Plaintiff



attempted to access Defendant's website on multiple occasions using this software. However, due to Defendant's website barriers which fail to allow disabled persons the ability to access its site using the disability software necessary for their use of the site. These access barriers have denied Plaintiff full and equal access to Defendant's website and the goods and services it provides to the public. As a result of Defendant's failure to comply with simple government guidelines, Defendant is engaging in the discrimination of others. Plaintiff seeks permanent injunctive and declaratory relief and other remedies, procedures and rights set forth under 42 U.S.C. § 12188 and the NYC Human Rights Law including statutory, compensatory and punitive damages, pre and post judgment interest and reasonable costs and attorneys' fees in addition to such other relief this Court deems just and proper.

**Defendant:** Plaintiff is one of many ADA-compliance "testers" that have engaged with Plaintiff's counsel to file collectively more than 500 lawsuits against New York City small business website owners since 2023. Each lawsuit makes identical boilerplate claims of "access barriers" that allegedly discriminate against the visually impaired. *See* ECF No. 10-1 (Memorandum of Law in Support of Defendant's Motion to Dismiss) at 1-3. Plaintiff's cookie-cutter allegations here inaccurately describe features of Defendant's website and, consequently, make factual assertions of alleged "barriers" that cannot possibly be true. To remedy the alleged website discrimination, Plaintiff asks the Court to legally mandate compliance with visual enhancement "guidelines" that the Complaint admits are merely voluntary and not required under any federal, state or City statute, rule, or regulation. Imposing such guidelines on Defendant is unnecessary, in any event, because Defendant's website is already accessible to visually impaired persons and therefore cannot violate the ADA or NYCHRL in any respect.

Defendant denies liability on several grounds: (1) As set forth in Defendant's recently filed motion to dismiss, Plaintiff lacks Article III standing to seek injunctive relief under the ADA or damages under the NYCHRL because he has failed to sufficiently plead (i) a concrete and particularized past injury, (ii) a plausible threat of future injury, or (iii) a cognizable compensable loss or injury, under the well-established minimal pleading standards applicable in this Circuit. (2) Plaintiff's claims of alleged discrimination are factually inaccurate and moot because Defendant's website accommodates rather than discriminates against the visually impaired. (3) Even if the website did not already grant equal access to visually impaired persons, the injunctive remedy sought in the complaint violates the ADA's mandate that any judicially imposed remedy must be reasonable under the circumstances and should not impose costs on defendants that outweigh the benefits to the



plaintiffs. (4) As a legal matter, the ADA and NYCHRL do not apply to websites because the ADA was written before the advent of internet commerce for the limited purpose of enabling disabled persons to enjoy equal access to places of physical accommodation, like brick-and-mortar stores and other physical indoor and outdoor facilities, and Congress has twice amended the ADA during the internet age without expanding its scope to include websites.

**(b)    A brief explanation of why jurisdiction and venue lie in this Court.**

Plaintiff asserts this Court has subject matter jurisdiction over this action under 28 U.S.C. §1331 and 24 U.S.C. §12181 as Plaintiff's claims arise under Title III of the ADA, 42 U.S.C. §1281 *et seq.* and 28 U.S.C. §1332. This Court has supplemental jurisdiction under 28 U.S.C. §1367 over Plaintiff's claim under New York City Human Rights Law, N.Y.C. Admin. Code §8-101 *et seq*. Venue is proper in this district under 28 U.S.C. §1391(b)(1) and (2) because Defendant conducts a substantial amount of business in this District and a substantial portion of the conduct complained of herein occurred in this District.

**Defendant:**

**(c)    Motion practice**

   **(i)    Contemplated Motions**

   **Plaintiff:** anticipates filing a motion for summary judgment.

   **Defendant:** In addition to the already filed motion to dismiss, Defendant reserves the right to move to recover its attorneys' fees under the NYCHRL and for Rule 11 sanctions in the event Plaintiff continues to claim that Defendant's website discriminates against the visually impaired when, in fact, it does not.

   **(ii)    Pending Motions**

   There is pending motion to dismiss that has been filed by the Defendant.



**(d)** **A brief description of any discovery that has already taken place, and any discovery that is likely to be admissible under the Federal Rules of Evidence and material to proof of claims and defenses raised in the pleadings. (This is narrower than the general scope of discovery stated in Rule 26(b)(1).**

The Parties have not yet exchanged discovery.

**(e)** **A statement describing the status of any settlement discussions and whether the parties would like a settlement conference.**

The parties have initiated discussions regarding resolution of this matter.
The parties decline a settlement conference at this time.

**(f)** **Any other information that the parties believe may assist this Court in resolving the action.**

Nothing at this time.

Thank you for Your Honor's considerations.

Respectfully Submitted,

　_/s/ Rami M. Salim____
Rami M. Salim, Esq.
*Attorney for Plaintiff*


　_/s/ Alexander H. Schmidt____
Alexander H. Schmidt, Esq.
*Attorney for Defendant*